999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul Adolfo AGUILAR GUERRERO, Defendant-Appellant.
 No. 92-30120.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1993.*
Decided July 21, 1993.
 
 1
 Before PREGERSON and KLEINFELD, Circuit Judges; LEGGE, District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 Raul Adolfo Aguilar Guerrero appeals his conviction and his sentence for possession of heroin with intent to distribute; a violation of 21 U.S.C. § 841(a)(1). Appellant argues that the district court erred in denying his motion to suppress the evidence found during a search of his truck. He claims that he did not consent to the search, and that the search exceeded the scope of any consent he may have given. Defendant also argues that the district court erred in converting cash into heroin for calculating the level of his sentence. We affirm.
 
 I.
 
 4
 Oregon State Police Troopers stopped defendant for operating a vehicle with a defective light. Trooper Markee then cited defendant for operating a vehicle without a valid driver's license, and told him that he was free to go. The trooper then asked defendant if had any drugs, money, or guns in the truck, to which defendant replied no. The trooper asked defendant if he could search the truck; defendant nodded and said "yeah." The trooper then asked defendant in Spanish "Puedo esculcar su carro?," to which defendant replied "si." This later conversation was tape-recorded.
 
 
 5
 In the course of the search, the troopers opened the intake vent at the base of the windshield after noticing that the screws securing the vent had scratched paint. They found three packages of black tar heroin wrapped in plastic and bound with electrical tape and twine. There were 650.85 grams of heroin. With the heroin were twelve packages of currency (a total of $56,893) wrapped in the same manner as the heroin.
 
 
 6
 Defendant was placed under arrest and taken to the county jail, where he was interviewed by a DEA Agent through an interpreter, Lynn Phetteplace, a Special Agent with the Immigration and Naturalization Service. Defendant told Phetteplace, in Spanish, that he had consented to the search of his vehicle, and that he had understood the Trooper who asked for his consent.
 
 II.
 
 7
 An evidentiary hearing was held on defendant's motion to suppress the evidence found in his vehicle. Defendant's primary contention was that he had not understood the troopers when they asked for his consent to search the truck. There was conflicting testimony about whether the Spanish phrase "Puedo esculcar su carro?" meant "Can I search your car?," and about defendant's ability to understand English.
 
 
 8
 The district court judge listened to a tape of the conversation. The district judge denied the suppression motion, stating his reasons on the record. The judge specifically found that defendant had voluntarily consented to the search of his vehicle. He based this decision on defendant's lack of credibility in attempting to pass himself off as someone who did not understand English, and defendant's statement, in Spanish to a Spanish speaker shortly after his arrest, that he had understood and given consent for the search.
 
 
 9
 Defendant entered a conditional guilty plea and was sentenced to 97 months of incarceration and three years of supervised release.
 
 III.
 
 10
 We review the district court's factual determination that defendant voluntarily consented to the search of his vehicle under the clearly erroneous standard. United States v. Sealey, 830 F.2d 1028, 1032 (9th Cir.1987). Evidence regarding consent is viewed in the light most favorable to the fact-finder's decision. United States v. Kaplan, 895 F.2d 618, 622 (9th Cir.1990).
 
 
 11
 Voluntariness of consent is a factual question to be determined from all of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973). The prosecutor has the burden of proving that consent was "freely and voluntarily given" and "[t]his burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority." Bumper v. North Carolina, 391 U.S. 543, 548-49 (1968). However, a prosecutor need not prove that defendant knew he had the right to refuse consent. Schneckloth, 412 U.S. at 249.
 
 
 12
 The district court's findings of fact were supported by the evidence and are not clearly erroneous.
 
 IV.
 
 13
 Defendant also argues that the troopers' use of a socket wrench to remove an intake vent cover exceeded the scope of whatever consent he may have given. However, defendant did not raise this issue before the trial court. Factual issues not presented to the trial court may not be raised for the first time on appeal. United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991).
 
 V.
 
 14
 Defendant also challenges his sentence, arguing that the currency found with the heroin should not have been "converted" into heroin for purposes of computing the Sentencing Guidelines range, because the trial judge failed to specifically find that the cash was part of the same transaction or course of conduct. Defendant seeks a remand for further sentencing proceedings under 18 U.S.C. § 3742(f).
 
 
 15
 We review the district court's finding of facts on a clearly erroneous standard, and give due deference to the trial court's application of the sentencing guidelines to the facts. 18 U.S.C. § 3742(e).
 
 
 16
 The sentencing judge is to approximate the quantity of the controlled substance by considering, among other things, the market price of the controlled substance and financial records. U.S.S.G. § 2D1.1 and Application Note 12 (previously found at Application Note 2 of the Commentary to § 2D1.4, prior to the November 1992 amendments to the Sentencing Guidelines).
 
 
 17
 At the sentencing hearing, an officer testified that the heroin and money were found together and were wrapped in a similar fashion. A DEA Agent testified that the wholesale market value for heroin at the time of the search was approximately $3,000 an ounce. The trial judge therefore converted the approximately $60,000 in cash seized from defendant into an additional 19 ounces of heroin. The trial judge stated:
 
 
 18
 ... the guidelines make it clear that if the money is related to the drugs, and it couldn't be much closer related here, that it's to be converted for purposes of determining the guidelines range."
 
 
 19
 This language constitutes a finding by the district court that the currency was sufficiently related to the drugs seized. The district court's determination that the heroin and currency were related is supported by the record and is not clearly erroneous.
 
 
 20
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3